ANNA DUNN, APPELLANT, v. JACOB HORNBECK, RESPONDENT.

*Note — executed to wife on sale of husband's property — no presumption that it was intended as a gift to her — payment of note to husband — good.*

The plaintiff had no separate estate, and her husband, an alien, purchased real estate and had it conveyed to her, not by way of gift, but solely because as such alien, he could not hold real estate, and on a sale of the premises by the husband as his own property, the wife, at his request conveyed the property, and the purchaser gave to the husband in part payment a note made payable to the order of the wife at his request for the reason, as the husband testified, that the title to the premises being in her, he wished to make both parts of the transaction correspond. The note was paid to the husband, although not surrendered.

In an action on the note in the name of the wife, *held*, that as she had no separate estate, and as husband and wife are still one person in law except where she has a separate estate, the husband might sell his property, and a note taken therefor payable to his wife was his property.

That the wife never owned the note, and payment thereof to the husband was good, and the wife was not entitled to recover.

APPEAL from a judgment in favor of the plaintiff for $143 costs, and from an order denying a motion for a new trial upon the minutes of the court, in an action on a promissory note.

*Lewis E. Carr*, for the appellant.

*Sharpe & Nanny*, for the respondent.

GILBERT, J.:

All the exceptions in the case depend on the legal proposi-tions contained in the judge's charge. If they are correct, no error was committed on the trial. It appears that the plain-tiff's husband made several purchases of real estate, but he being an alien, had the title conveyed to his wife; and when he sold the real estate so purchased, the wife executed conveyances to com-plete such sales. The note in suit originated in a transaction of that kind. The wife held the title to a lot of land in Port Jervis, which the husband had purchased. This lot was sold by the hus-band as his own property, and the wife conveyed it, at his request, to the defendant. The latter, in part payment of the purchase

money of the lot, gave to the husband the note in suit, and paid the note to the husband several years before the commencement of this action. The note was made payable to the order of the wife, because, as the husband testified, the title to the lot was in her name, and he wished to make both parts of the transaction correspond. The wife had no separate estate, and the evidence clearly demonstrates that all the business referred to was conducted by the husband with his own means and for his exclusive benefit, but in his wife's name, solely on account of his alienage. The husband and wife were both witnesses on the trial, and in respect to these facts there was no material contradiction. The wife testified that her husband gave her the note on the day it was made, and she laid it in a drawer which was the common receptacle of the papers of herself and her husband. No claim, however, was made on behalf of the plaintiff that her husband had made a gift to her of the note, or of the lot in part payment for which it was made, nor did her counsel ask to have that question submitted to the jury. The evidence, we think, precludes all inference of such a gift.

The judge charged the jury, in substance, that if the title to the lot in question was taken in the wife's name because the husband was an alien, and in pursuance of an arrangement between them, that the husband should deal in real estate and the deeds thereof be taken in the wife's name, and was sold to the defendant by the husband for his own benefit under the same arrangement, then the proceeds of the sale, including the note in suit, belonged to the husband, and the plaintiff never owned the note. We think that proposition is correct.

Husband and wife being but one person in the law (Co. Lit., 3 *a*, 112 *a*), it is, to say the least, doubtful whether, irrespective of the husband's disability to hold real estate as against the State, the fifty-first section of the statute of uses and trusts (1 R. S., 728) was intended to apply to a case of this kind. But assuming that it was, the only consequence would be, that no means would exist for enforcing the trust, upon which the title was vested in the wife. The law, however, did not incapacitate the wife from performing the conscientious duty resting upon her, of conveying the property at the husband's request, and for his benefit; and when she executed the conveyance to the defendant in this case, she merely

completed a sale which her husband had made of property which was regarded by both of them as his property — not hers. (*Siemon* v. *Schurck*, 29 N. Y., 598.) It was an act which she was bound by the strongest obligation of duty to perform. The husband, therefore, was entitled to receive to his own use all that was paid for the land. He did receive the note in that way, and although it was made payable to the order of the wife, the jury must have found that it was not delivered to her as a gift, but was kept by the husband. The money payable upon it belonged to him. The note did not become her separate estate. The statutes for the protection of married women were not intended to furnish means whereby a wife could violate the confidence which her husband had reposed in her, and appropriate his property. A husband does not, by permitting his wife to manage and deal with his estate as her own, divest himself of his ownership thereof. (*Ryder* v. *Hulse*, 24 N. Y., 380; *Savage* v. *O'Neil*, 44 id., 298.) At common law, a note payable to the wife belonged to the husband. An effectual indorsement thereof could be made only in the husband's name, and it might be declared on as payable to the husband. (Com. Dig., *Baron and Feme*, D., 1; *Barlow* v. *Bishop*, 3 Esp., 266; *Arnould* v. *Revoult*, 1 Brod. & Bing., 443.) That rule has not been changed except as to the separate property of the wife. (Wil. Eq., 640–644 [Potter's ed.].)

The charge of the judge did not contradict the note, but merely declared that a husband may have the entire beneficial interest in a note, although it is, by its terms, payable to his wife. As the husband and wife are still one person in law, except where the latter happens to have a separate estate, the husband may sell his property, and take a note therefor payable to his wife, without excluding the ownership of the note, vested in him by the common law.

Upon the question of agency the charge was unquestionably correct.

The judgment and order denying a new trial must be affirmed.

Present — Gilbert and Dykman, JJ. Barnard, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.